UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRETT EUGENE HENKE, *et al.*, | ) |
| | ) |
| PLAINTIFFS | ) Case No. 1:11-cv-2155 (JEB) |
| vs. | ) Next event: Def. opp. due 1/18/12 |
| | ) |
| DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| | ) |
| DEFENDANT | ) |
| | ) |
| _____ | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

### I.       INTRODUCTION

Mr. Henke and Ms. Potter (hereinafter "the named Plaintiffs") seek an order under Fed. R. Civ. P. 23(b)(2) and (b)(3) certifying and authorizing them to represent a class consisting of all members of Occupy DC having tents in McPherson Square which have been or will be taken and/or destroyed by the Defendant or those acting in concert with it. The proposed class and the action meet all of the requisites for class certification under Rule 23 of the Federal Rules of Civil Procedure.

Defendant maintains an ongoing, unlawful policy or practice of seizing and destroying the unabandoned, nonvehicular personal property and temporary structures of individuals, in violation of the Fourth and Fifth Amendments to the United States Constitution.  Absent judicial intervention, the policy or practice will result in the same legal violations against all class members.  The proposed class representatives are individuals who reasonably fear the seizure and/or destruction of their tents pursuant to

Defendant's unconstitutional practice and policy.  Plaintiffs are thus actual and potential victims of this ongoing practice and policy and will suffer substantial injury because of it. Their potential injury is typical of the class of persons they seek to represent.

The First Amended Complaint seeks injunctive relief and a declaration of the illegality of this ongoing conduct, but no money damages.  The overarching issue of Defendant's liability will involve proof and issues which will be the same for each Class member, including:

> a)   Whether Defendant's policies, practices and conduct of taking and destroying or otherwise unreasonably disposing of unabandoned, nonvehicular personal property and temporary structures, without providing either adequate notice or the opportunity to retrieve the property before it is destroyed, and without a legitimate governmental interest, violates the Class members' constitutional rights against unreasonable search and seizure;
>
> b)   Whether Defendant's policies, practices and conduct of taking and destroying or otherwise unreasonably disposing of unabandoned, nonvehicular personal property and temporary structures, without providing either adequate notice or the opportunity to retrieve the property before it is destroyed or unreasonably disposed of, and without a legitimate governmental interest, violates the Class members' Due Process rights under the United States Constitution;
>
> c)   Whether injunctive relief restraining the unconstitutional and illegal acts by Defendant should be ordered by the Court, and if so, the nature of that relief.

The policies and practices of Defendant that led to this action are plainly alleged: the policy of the Defendant is to unconstitutionally vest unfettered discretion in individual law enforcement officials to determine when to seize temporary structures and other nonvehicular personal property; to maintain no reasonable, standard police procedures for determining when to seize temporary structures and other nonvehicular personal property; to vest unfettered discretion in individual law enforcement officials to determine how to dispose of unabandoned, nonvehicular personal property; to allow law enforcement officials in their discretion to seize unabandoned, nonvehicular personal property without making any attempt to contact the owner prior to seizure and/or final disposition of the property; and to allow law enforcement officials in their discretion to destroy or otherwise finally dispose of unabandoned, nonvehicular personal property without entitling the owner to any meaningful pre- or post-deprivation hearings to allow recovery of the property.

The history of police action against the Occupy encampments strongly demonstrates a need for a fair and prompt determination of the rights of the Class members and can only be done through a class action. Given the inherently unequal positions of the parties and the limited resources of Class members, it is highly unlikely class members would be able to proceed individually.  For these reasons, class certification is essential to the fair and efficient resolution of their rights.

## II.      STATEMENT OF FACTS

### A.  The named Plaintiffs

Plaintiff Ms. Laura Potter is 56 years old and has been an emergency medic on and off since 1973.  (Potter Decl. [ECF dkt: 6-5] ¶ 2.)  She and Plaintiff Mr. Brett Henke and

the members of the proposed Class are participants in Occupy DC who have gathered at McPherson Square to protest and seek redress of grievances from the government.  They have erected symbolic tents as part of their protest and intend to continue their occupation.  (Sensiba Decl. [ECF dkt: 6-6] ¶ 3; Potter Decl. [ECF dkt: 6-5] ¶¶ 3, 6; Henke Decl. [ECF dkt: 6-8] ¶ 1.)  Ms. Potter supports Occupy's aims because she is "concerned about irresponsible behavior by banks and excessive money in politics." (Potter Decl. [ECF dkt: 6-5] ¶ 4.)

### B.  The Proposed Class

The proposed Class consists of individuals who meet two criteria: 1) they are members of Occupy DC, and 2) they own or possess tents in McPherson Square which have been or will be taken and/or destroyed by the Defendant or those acting in concert with it.

Membership in Occupy DC, an unincorporated nonprofit association, is open to the general public.  (Second Sensiba Decl. ¶¶ 2, 3.)  Its members are a diverse group of individuals facing different forms of oppression and impacted by economic exploitation to differing degrees, but united by a shared vision of equality for the common good. (Second Sensiba Decl. ¶4); "Occupy Declaration," available at http://occupydc.org/community/declaration.  Occupy DC members are required to adhere to guidelines which include commitment to nonviolence, refraining from taking actions that jeopardize others' safety, keeping McPherson Square clean, and being respectful to non-occupiers using McPherson Square.  (Second Sensiba Decl. ¶ 5.)

Many but not all members of Occupy DC possess or own tents in McPherson Square as part of a 24-hour vigil.  (Second Sensiba Decl. ¶6.)  Those who have tents in McPherson Square seek to convey a message to the government and the world of taking back the city to create a more just, economically egalitarian society.  (Second Sensiba Decl. ¶ 7.)   In addition to their symbolism, the tents also facilitate Occupy DC members' ability to participate in the 24-hour vigil by protecting individuals from the elements.  (Second Sensiba Decl. ¶8.)

Although the tents vary somewhat in size and construction, they are all temporary structures.  (Second Sensiba Decl. ¶9.)  The tents are also all vulnerable to being unconstitutionally seized and/or destroyed by Defendant due to Defendant's policy or custom of arbitrarily seizing and/or destroying unabandoned, nonvehicular personal property at the whim of police officials, without predefined criteria.

### III.    ARGUMENT

The named Plaintiffs ask the Court to certify a class consisting of: all members of Occupy DC having tents in McPherson Square which have been or will be taken and/or destroyed by the Defendant or those acting in concert with it.

The proposed class meets all the requirements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. In addition, this class meets the requirements of Rule 23(b)(2) in that final injunctive relief is appropriate, and Rule 23(b)(3) in that common questions of law or fact predominate and a class action is a superior method of adjudication.

A.  <u>All requirements of Federal Rule 23(a) are met.</u>

Federal Rule of Civil Procedure 23(a) sets forth four prerequisites for maintenance of a class action:

(1) The class must be so numerous that joinder of all members is impracticable;

(2) There must be questions of law or fact common to the class;

(3) The claims or defenses of the representative parties must be typical of the claims or defense of the class; and

(4) The representative parties must fairly and adequately protect the interests of the class.

A showing is also required that a defined, identifiable class exists.  *Johnson v. District of Columbia*, 248 F.R.D. 46, 52 (D.D.C. 2008).

1.  <u>The proposed Class exists.</u>

The proposed Class is defined and identifiable.  Class members may be identified by the fact that they have a tent in McPherson Square as part of the Occupy DC protest. Although the proposed Class includes individuals whose tents have not yet been unconstitutionally seized and/or destroyed, this court has certified classes where one of the identifying characteristics of class membership is based on the future unlawful activity of a defendant.  *See Bynum v. District of Columbia*, 217 F.R.D. 43, 53 (D.D.C. 2003)(certifying class to include current and future inmates who are or will not be released by midnight on the day they are entitled to release).

2.   The proposed Class is sufficiently numerous.

As a general rule, "in most cases a class of at least forty members presumptively satisfies the impracticability of joinder requirement, though classes as small as twenty might be appropriate." *Barnes v. District of Columbia*, 242 F.R.D. 113, 121 (D.D.C. 2007). The proposed Class consists of over 100 individuals and is therefore sufficiently numerous to make joinder of individuals impractical. (First Decl. Smith ¶ 2.) Moreover, the inclusion of unknown future class members makes joinder inherently impractical. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982), *judgment vacated on other grounds*, 459 U.S. 810 (1982).

3.   There is at least one common issue of law or fact.

"The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000). Additionally, "proposed class actions seeking injunctive and declaratory relief, such as this one, by their very nature present common questions of law and fact." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007)(internal quotation marks omitted).

This action arises from challenges to policies and practices that adversely affect protesters who are maintaining tents in McPherson Square as part of the Occupy DC protest. The evidence will show that Defendant has adopted a policy and engaged in the practice of seizing and destroying unabandoned, nonvehicular personal property without reasonable standards, adequate notice, entitlement to a hearing, or an opportunity to retrieve the property after it is taken. As a result, this case presents numerous common issues of law and fact which include:

a) The nature of Defendant's policies, practices and conduct in seizing and disposing of unabandoned, nonvehicular personal property, including whether Defendant provides adequate notice and a meaningful opportunity for a hearing;

b) Whether Defendant's policies, practices and conduct violate the Fourth and Fifth Amendment;

c) Whether injunctive relief against further unlawful and unconstitutional acts by Defendant should be ordered by the court, and if so, the nature of the relief.

Each of these issues may be resolved by a showing of common proof for all Class members.  In *Lowery v. City of Albuquerque*, 273 F.R.D. 668, 683-84 (D.N.M. 2011), for example, the court certified a class of individuals whose property was seized without court order due to suspected drug use, finding commonality where "[e]ach of the named Plaintiffs' claims are based upon the Defendants' allegedly unlawful actions in depriving the Plaintiffs of their property in violation of their constitutional rights. The Nuisance Abatement Team's allegedly unconstitutional policy and practice forms the basis for the Plaintiffs' claims. They contend that the Nuisance Abatement Team's policy is to immediately seize homes, without court order, where illicit drugs are used or believed to be used. Because the entire proposed class is subjected to the same allegedly unconstitutional practices, there are questions of law and fact common to the class." *Id.* As in *Lowery*, this case easily meets the low standard for commonality because the basis for Plaintiffs' claims is that they are subjected to the Defendant's unconstitutional policy and practice of seizing their property.

4.   <u>The claims of the named Plaintiffs are typical of the class they seek to represent.</u>

The requirement of typicality is to be liberally construed.  *See In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 260 (D.D.C. 2002).  "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to a claim of another class member's where his or her claims are based on the same legal theory." *Stewart v. Rubin*, 948 F.Supp. 1077, 1088 (D.D.C. 1996).  Typicality is not defeated simply because there are some factual variations between claims of the representative and other class members. *See Bynum*, 214 F.R.D. at 34.

The First Amended Complaint and declarations in the record amply establish that the named Plaintiffs are subject to the same policies and practices that affect the class they seek to represent.  Specifically, the named Plaintiffs, like the other Class members, maintain tents in McPherson Square that may be unconstitutionally confiscated and/or destroyed pursuant to Defendant's policy or practice of taking and destroying the unabandoned, nonvehicular personal property of individuals without adequate notice or an opportunity to retrieve the property once it has been taken.  The named Plaintiffs and every member of the proposed Class have or will suffer the deprivation of his or her personal property as a result of this policy.

5.   <u>The named Plaintiffs and their counsel are adequate representatives.</u>

Rule 23(a)(4) requires that the named representative "will fairly and adequately protect the interests of the class."  The rule "aims to ensure that the named representatives do not have interests antagonistic to those of the class members they represent, and that they will vigorously pursue the claims of the class through qualified counsel." *Barnes*, 242 F.R.D. at 122.  Here, the named Plaintiffs seek to stop Defendant from seizing and destroying their tents and those of their fellow occupiers at McPherson Square.  There is

no reason to believe that any member of the proposed Class would be opposed to this goal.  The named Plaintiffs also have a continuing interest to pursue the action to the fullest to ensure that they and other proposed Class members will not be subjected to unlawful conduct that destroys their property and violates their rights.

   In considering the adequacy of class counsel, the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  Fed. R. Civ. Pro. Rule 23(g)(1)(A).  Plaintiffs' counsel is uniquely qualified to represent the proposed Class because he has been the primary attorney advising Occupy DC members since late September and as a result has extensive knowledge of the facts relevant to this case. (Second Decl. Light ¶ 7.)  Plaintiffs' counsel is also experienced in constitutional litigation with a specific focus on protesters' rights, *see e.g., Defending Animal Rights Today & Tomorrow v. Washington Sports and Entertainment, LP*, 786 F. Supp. 2d. 373 (D.D.C. 2011)(sole counsel representing protesters seeking preliminary injunction); *The Goldman Sachs Group, Inc. v. Stop Huntingdon Animal Cruelty*, 2010 CA 9043B (D.C. Super. Ct.) (lead counsel representing protesters in First Amendment case), and has been sole counsel in several "representative" actions in federal court under the D.C. Consumer Protection Procedures Act, *see e.g.*, *Moorby v. Innovative Product Solutions Group, LLC.*, Case No. 1:06-cv-2011 (D.D.C.); *Layton v. Long Life Services, Inc.*, 1:05-cv-2340 (D.D.C.)  (Second Decl. Light ¶¶ 4, 5.)  Plaintiffs' counsel is also knowledgeable about the applicable law through attending CLE courses and reading numerous law review articles, court opinions, and briefs in similar cases.  (Second Decl. Light ¶ 9.)  Counsel

for Plaintiffs intends to advance any litigation costs necessary to represent the Class. (Second Decl. Light ¶ 10.)

B.   The proposed Class satisfies the requirements of Federal Rule 23(b)(2)

Certification under Rule 23(b)(2) is appropriate when the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted— the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2557 (2011)(internal quotation marks and citations omitted).

The relief sought in this action[1] is a single injunction against a challenged practice— the unconstitutional seizure and/or destruction of unabandoned, nonvehicular personal property. Enjoining the Defendant from enforcing its unconstitutional policy or practice would provide relief to every member of the Class. Granting such relief does not require this Court to inquire into the nature of any individual Class members' tent, but instead focuses on the constitutionality of Defendant's policy or practice of seizing unabandoned, nonvehicular personal property without reasonable, standard police procedures, notice to the owner, or an entitlement to be heard before or after the seizure and/or destruction of the property.

---

[1] No damages are being sought in this suit and should this Court certify a Rule 23(b)(2) injunction class, it would leave future litigants free to bring claims for damages. *Ortega-Melendres v. Arpaio*, 2011 U.S. Dist. LEXIS 148223, at *71 (D. Az. Dec 23, 2011).

C.  The proposed Class satisfies the requirements of Federal Rule 23(b)(3)

In addition, Plaintiffs' claims support certification under Rule 23(b)(3) because "questions of law or fact common to the class predominate over any questions affecting individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

1.  Common questions of law and fact predominate

The Rule 23(b)(3) predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). There are numerous common issues that predominate in this case. The dominant common issues in this case relate to the nature of Defendant's policies and practices and the nature and extent of their liability. Specifically, Plaintiffs will establish by common evidence:

a) The nature of Defendant's policies and practices, including the seizure and destruction of unabandonded, nonvehicular personal property and the failure to store seized property;

b) That Defendant's policies, which result in the irrevocable destruction of property without probable cause, violate the Class members' constitutional rights against unreasonable search and seizure under the Fourth Amendment to the United States Constitution;

c) That Defendant's policies fail to give adequate notice or an opportunity to retrieve property once it has been taken and violate the Class members' constitutional

rights to Due Process of Law under the Fifth Amendment of the United States Constitution.

Similar issues were involved in *Lehr v. City of Sacramento*, 259 F.R.D. 479, 483 (E.D. Calif. 2009), in which the court certified a class under Rule 23(b)(3).  In *Lehr*, a single named Plaintiff alleged that "Defendant's policies and practices of property confiscation and destruction deprived her, and the putative class members she seeks to represent, of their Fourth and Fourteenth Amendment rights. As to that claim, Plaintiff seeks to certify a class comprised of: All persons in the City of Sacramento…who were, or are, or will be homeless at any time after August 2, 2005, and whose personal belongings have been taken and destroyed, or will be taken and destroyed, by one or more of the defendants." *Id.* at 481 (ellipsis in original).  The court in *Lehr* held that common issues predominate where there is a common nucleus of facts which "derives from the alleged unconstitutionality of City policies concerning the confiscation and destruction of the personal property belonging to homeless persons.  The factual underpinnings underlying each Plaintiff's potential claims is [sic] nearly identical and, despite any minor differences, those common issues prevail." *Id.* In the present case, the named Plaintiffs allege that Defendant's policies and practices of property confiscation and destruction deprive them of their Fourth and Fifth Amendment rights and seek to certify a class composed of members of Occupy DC whose tents have been taken and destroyed, or will be taken and destroyed, by Defendant or those acting in concert with it. Thus, there is a common nucleus of facts which derives from the alleged unconstitutionality of Defendant's policies concerning confiscation and destruction of the

personal property belonging to Occupy DC members.  The factual underpinnings of the

Class members' claims are nearly identical and predominate over any minor differences

which occur in nearly all class actions.  Although there may be "[q]uestions as to the

circumstances of each seizure . . . [t]hose and other individual questions cannot be said to

*predominate*.  Instead the predominant question that applies across all classes is whether

challenged . . . policies and practices are valid."  *Cancel v. City of Chicago*, 254 F.R.D.

501, 511-12 (N.D. Ill. 2008).


   2.   Class treatment is superior to other available methods.

   Because the primary relief sought is injunctive in nature, the burden and expense

make it impractical for individual class members to sue separately.  *See Lehr*, 259 F.R.D.

at 484 ("because the crux of each plaintiff's sought-after relief is equitable in nature, and

because Plaintiffs lack any means to feasibly prosecute individual actions, a class action

is the superior method to resolve this case.")  Individual lawsuits would result in

duplicative discovery and require multiple courts to analyze the same evidence.

Moreover, the absence of economic damages makes it highly unlikely that private

counsel would represent the individual class members on a contingency fee basis and the

members of the Class are generally unable to afford to retain counsel.

   Although it may be theoretically possible for Occupy DC to represent the interests of

its members by bringing suit in its own name, it has not chosen to do so.  Class treatment

would at any rate be superior to an organizational plaintiff under the circumstances of this

case.  Although all members of the proposed Class are also members of Occupy DC, not

all members of Occupy DC are also members of the proposed Class.  Many members of

Occupy DC do not have a tent in McPherson Square, but contribute to the protest by working with one of the group's committees, attending its General Assembly meetings, or volunteering their time at the Square.  These individuals' Fourth and Fifth Amendment rights are not implicated by the Defendant's policies which are challenged in this action because none of them have any property at McPherson Square.

        /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

*Counsel for Plaintiffs*