UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DAVID BLOEM,                          )
                                      )
        Plaintiff,                    )  Civil No. 11-2155 (JEB)
                                      )
        v.                            )
                                      )
UNKNOWN DEPARTMENT OF THE INTERIOR    )
EMPLOYEES,                            )
                                      )
        Defendants.                   )
                                      )
```

DEFENDANTS' MOTION TO STRIKE FOURTH AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION[1]

By Order dated July 15, 2013, following a status conference held on that date in this case, this Court ordered plaintiff to "file his Motion to Amend the Complaint on or before 8/5/2013[.]"  Instead, on August 5, 2013, plaintiff simply filed a Fourth Amended Complaint, consisting largely of unnumbered paragraphs and seeking to extend his claims to include members of Congress, past and present.  To date – the due date for defendants' response under the Court's order – no motion for leave to amend has been filed by plaintiff.

---

[1] Although defense counsel does not represent any specific government officials in their individual capacities at this stage of the proceedings, the government may move to strike claims against unknown officials by setting forth prevailing arguments on their behalf.  Accord Chung v. U.S. Dep't of Justice, 2001 WL 34360430, *8, n.11 (D.D.C. Sept. 20, 2001) ("The Court will accept DOJ's arguments on behalf of unknown officials at this stage . . . [because] DOJ sets forth prevailing arguments on the officials' behalf."), aff'd in part, rev'd in non-relevant part, 333 F.3d 273 (D.C. Cir. 2003).

Consequently, defendants hereby move to strike the Fourth Amended Complaint. Not only does it fail to comport with this Court's explicit July 15, 2013 Order, but it is also in violation of Fed. R. Civ. P. 15(a)(2), which requires "the opposing party's written consent or the court's leave" for any amended complaint beyond the first one allowed under Rule 15(a)(1). Accordingly, for the reasons set forth below, defendants submit that the Fourth Amended Complaint should be struck.[2]

ARGUMENT

I.   The Fourth Amended Complaint Should be Struck Under Rule 15(a)(2) and for Failure to Comply With this Court's Order.

Under Fed. R. Civ. P. 15(a), a party may amend a complaint as a matter of course, without consent from the opposing party or the court, as long as the amended complaint is filed within 21 days after the original pleading was filed, or within 21 days of the filing of a responsive pleading or a motion to dismiss under Rules 12(b), (e) or (f). After that, Rule 15(a) is clear that a complaint may be

---

[2] Because the Fourth Amended Complaint is not properly before this Court, defendants are not moving to dismiss it at this time. Indeed, defense counsel have no representation authority for any of the named defendants, nor should they be required to seek such until plaintiff properly moves for leave to amend his complaint and the Court rules on that motion once fully briefed. Accordingly, the individual defendants listed in the Fourth Amended Complaint do not waive any of the defenses available to them under Fed. R. Civ. P. 12 or otherwise, including the defense of official immunity.

amended **only** upon written consent from the opposing party or by order of the court.  Fed. R. Civ. P. 15(a)(2); see, e.g., Heller v. District of Columbia, 290 F.R.D. 1, 3 (D.D.C. 2013) (JEB) ("A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. Fed.R.Civ.P. 15(a)(1).  Otherwise, the plaintiff must seek consent from the defendant or leave from the court. See Fed.R.Civ.P. 15(a)(2)."); Robinson v. District of Columbia, 283 F.R.D. 4, 6 (D.D.C. 2012) (JEB) ("Because Plaintiff seeks to amend her Complaint outside the 21-day windows wherein she may do so as a matter of right, she must obtain either consent from the opposing parties or leave of court.").

    Moreover, on July 15, 2013, this Court expressly ordered plaintiff to file a motion for leave to amend his complaint.  See Minute Entry dated July 15, 2013.  This Court has inherent authority to enforce its own orders.  See, e.g., Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1472 (D.C. Cir. 1995).  Complaints should not be amended if to do so would be futile.  See, e.g., Heller v. District of Columbia, 290 F.R.D. at 3; Robinson v. District of Columbia, 232 F.R.D. at 6.  Therefore, plaintiff should be required to comply with this Court's order and file a motion for leave to amend his complaint so the court can determine whether any of the requested amendments would be futile.

Even though plaintiff is *pro se*, he is required to comply with court orders and the rules of this Court.  See, e.g., Moore v. International Agency for Development, 994 F.2d 874, 876 (D.C. Cir. 1993); Akers v. Liberty Mutual Group, 274 F.R.D. 346, 349 (D.D.C. 2011); Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Accordingly, plaintiff's Fourth Amended Complaint should be struck, and plaintiff should be ordered, again, to file a motion for leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, defendants respectfully submit that plaintiff's Fourth Amended Complaint should be struck.[3]

                                  Respectfully submitted,

                                  RONALD C. MACHEN JR., D.C. BAR # 447889
                                United States Attorney
                                for the District of Columbia

                                DANIEL F. VAN HORN, D.C. BAR # 924092
                                Chief, Civil Division

---

[3] Plaintiff is hereby put on notice that failure to respond to this motion could result in the motion being treated as conceded. See LCvR 7(b).

```
                         By:    /s/ Marina Utgoff Braswell
                                MARINA UTGOFF BRASWELL, D.C. BAR #416587
                                Assistant United States Attorney
                                U.S. Attorney's Office
                                555 4th Street, N.W. - Civil Division
                                Washington, D.C. 20530
                                (202) 252-2561
                                Marina.Braswell@usdoj.gov
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

DAVID BLOEM,                          )
                                      )
        Plaintiff,                    ) Civil No. 11-2155 (JEB)
                                      )
        v.                            )
                                      )
UNKNOWN DEPARTMENT OF THE INTERIOR    )
EMPLOYEES,                            )
                                      )
        Defendants.                   )
                                      )
```

ORDER

Upon consideration of defendants' motion to strike the Fourth Amended Complaint, plaintiff's responding opposition, and the entire record in this case, and it appearing that the filing of the Fourth Amended Complaint violates this Court's July 15, 2013 Order and Fed. R. Civ. P. 15(a)(2), it is this _____ day of _____ 2013,

ORDERED that the motion to strike is granted; and it is further

ORDERED that the Fourth Amended Complaint be stricken from the docket; and it is further

ORDERED that plaintiff file his motion for leave to amend his complaint within ten days from the date of this order.

_____
UNITED STATES DISTRICT JUDGE