UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BLOEM,

Plaintiff,

v.

UNKNOWN DEPARTMENT OF THE INTERIOR EMPLOYEES,

Defendants.

Civil No. 11-2155 (JEB)

**DEFENDANTS' MOTION TO DISMISS**[1]

Defendants hereby move to dismiss this action, pursuant to Rule 12(b)(4)(m) and Rule 41(b) of the Federal Rules of Civil Procedure. The Court is respectfully referred to the accompanying memorandum and declaration in support of this motion. A proposed order consistent with the relief requested is attached for the Court's consideration.

Respectfully Submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

---

[1] Although defense counsel does not represent any specific government officials in their individual capacities at this stage of the proceedings, the government may move to dismiss claims against unknown officials by setting forth prevailing arguments on their behalf. See Chung v. U.S. Dep't of Justice, 2001 WL 34360430, *8, n.11 (D.D.C. Sept. 20, 2001) ("The Court will accept DOJ's arguments on behalf of unknown officials at this stage . . . [because] DOJ sets forth prevailing arguments on the officials' behalf."), *aff'd in part, rev'd in non-relevant part*, 333 F.3d 273 (D.C. Cir. 2003).

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561 phone
(202) 252-2599 fax
Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BLOEM,

Plaintiff,

v.

UNKNOWN DEPARTMENT OF THE INTERIOR EMPLOYEES,

Defendants.

Civil No. 11-2155 (JEB)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), plaintiff David Bloem brings his Complaint against unknown employees of the United States Department of the Interior, in their individual capacities, for allegedly violating his First, Fourth and Fifth Amendment rights. In particular, plaintiff claims that he was a member of the protest movement known as "Occupy DC" and engaged in demonstration activity in McPherson Square in Washington, D.C. On February 4, 2012, following several notices attempting to encourage demonstrators to abide by the National Park Service's "no-camping" regulations, the Park Police and Park Service employees entered McPherson Square to enforce those regulations. Plaintiff alleges that during this process certain items belonging to him were seized and destroyed. Those items consist of: (1) a 10' x 20' indoor/outdoor carpet; (2)

a blue tarp; (3) a baby stroller, (4) a tent case, (5) a 6" high plastic fence, and (6) six stenciled garden stones.

Plaintiff's claims should be dismissed. Plaintiff cannot proceed against unnamed defendants. Plaintiff was afforded ample opportunity for discovery in order to uncover the names of any potential defendants. He was also afforded an opportunity to amend his complaint to replace the unnamed defendants with named defendants. He failed to follow this Court's Order or the rules of this Court in seeking such an amendment. He has also violated other orders of this Court. And finally, his long delay in seeking to bring claims against named individuals has severely prejudiced defendants in this case, given that a key Park Service employee who was directly involved with the removal of plaintiff's belongings has recently died.

Defendants submit that the time has now come to dismiss this case, given that the only defendants are still unnamed defendants, who have never been personally served with the Third Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is a member of the protest movement known as "Occupy D.C." that set up tents in McPherson Square as part of a 24-hour-a-day

[2] The following facts are taken from defendants' motion to dismiss filed on November 7, 2012. See Docket. No. 41. For the Court's convenience, they have been repeated here.

protest. Third Amended Complaint ("3rd Am. Compl."), Docket No. 35, ¶¶ 11, 15-16, 18. On January 27-29, 2012, the National Park Service began distributing flyers in McPherson Square informing the individuals located therein that "the United States Park Police will commence enforcement of the long-standing National Park Service (NPS) regulations that prohibit camping and the use of temporary structures for camping in McPherson Square and Freedom Plaza." 3rd Am. Comp., ¶ 27 & Docket No. 17, Ex. A. The flyers also explained that "[i]tems determined to be trash or a bio-hazard[ ] will be disposed of as refuse, so you are advised to promptly dispose of any such items." Id.

On February 4, 2012, the Park Police began the enforcement outlined in its January 27, 2012 notice. 3rd Am. Compl., ¶ 28. The enforcement action was not targeting plaintiff, and the Third Amended Complaint does not allege that plaintiff was even present during this action. See 3rd Am. Compl., ¶¶ 28-29. Plaintiff alleges that numerous items of personal property were seized by the Park Police. Id. at ¶ 28. Plaintiff concedes that some of these items constituted a public nuisance, or were abandoned or may have been evidence of a crime. See id.

With respect to his possessions, plaintiff alleges that the individually-sued defendants

> seized and destroyed or caused to be seized and destroyed the following items belonging to Plaintiff David Bloem: a green indoor/outdoor carpet which was approximately 10' x 20', a blue tarp which was about 30'x 20' and which was folded underneath the green carpet, a baby stroller, a tent case, a 6" high plastic fence, six garden stones which were approximately 1' square and which had 'Occupy DC' and children's footprints stenciled on them.

3d Am. Comp. ¶ 29. Plaintiff alleges that these items were near "a small circus-themed tent which contained two garden stones, a child's toy that plays music, and a seat cushion, all of which belonged to Mr. Bloem." Id. Plaintiff does not allege that these latter items were taken. Id.

Plaintiff does not specify any facts concerning the condition of the items allegedly taken, other than to claim that they were "clean," and that "there was no pooled water[.]" Id. He also asserts that the items did not consist of "bedding or camping material." Id. He does not set forth any factual allegations that give context to where his items were located in McPherson Square, and what other items were near, or mixed in with, his possessions.

Plaintiff alleges that, consistent with this Court's Order dated July 23, 2012, he made an effort to locate the items allegedly taken from him in the locations identified by the government where property seized on February 4, 2012 could be retrieved, but that he could not find them. See 3rd Am Comp., ¶ 30. The effort he actually made is described by Park Service employee Mark White as follows:

> Only one individual contacted me to inspect the piled property stored at the Boneyard. On August 16, 2012, David Bloem contacted me to schedule an appointment for August 17 at 11:00 am. On August 17 at 11:10 am David Bloem and a female companion arrived at the Boneyard, where I introduced myself to them. I observed them the entire time they were at the Boneyard. I also observed that they only stayed at the Boneyard for ten minutes and only visually inspected the accumulated piled property from its west side. They did not walk around to view the piled property from the other sides (east, north and south), which would have allowed them to see if their property was there, even though they were free to walk around the piled property.

Declaration of Mark White, attached, ¶ 5. On October 16, 2012, the unclaimed property at the "Boneyard" was destroyed. Id. at ¶ 3, n.1.

On September 19, 2012, plaintiff filed his Third Amended Complaint against the unknown employees of the National Park Service. Docket No. 35. No defendant has been served with this Complaint. See Docket Entries.

By Order dated April 11, 2013, discovery commenced in this case for plaintiff, and extended to July 11, 2013. Docket No. 51. By Order dated July 15, 2013, plaintiff was ordered to file his motion for leave to amend his complaint on August 3, 2013. See Minute Order dated July 15, 2013. Instead of complying with the Court's Order, on August 3, 2013, plaintiff simply filed a fourth amended complaint. Defendants moved to strike that complaint for failure to comply with this Court's Order and the rules of this Court, see Docket No. 54,

and by order dated October 1, 2013, this Court granted defendants' motion. Docket No. 55.

**ARGUMENT**

I. Plaintiff's Claims Should be Dismissed Under Rule 4(m)

Under Fed. R. Civ. P. 4(m), ""[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. As this Court noted in Hartley v. Wilfert, 931 F. Supp.2d 230 (D.D.C. 2013):

> Generally, courts will not entertain lawsuits unless the plaintiff makes each defendant a party by service of process. [citations omitted]. Courts recognize an exception to this general rule for cases involving 'John Doe' defendants. [citation omitted]. This exception applies only when discovery will make known 'the otherwise unavailable identity of the defendant." [citation omitted].
>
> Courts should thus not dismiss John Doe defendants before parties have engaged in discovery . . . .

Id. at 232, citing Newdow v. Roberts, 603 F.3d 1002, 1010 (D.C. Cir. 2010). See also, e.g., Simmons v. District of Columbia, 750 F. Supp.2d 43, 45 (D.D.C. 2011) ("Plaintiff may bring an action against unknown John Doe defendants, but plaintiff must substitute named defendants for those unknown defendants after the completion of discovery.").

A case may not proceed indefinitely with unnamed defendants, whether they are called "John Doe" defendants or, as here, "Unnamed" defendants. As the District Court noted in Saffron v. Wilson, 70 F.R.D. 51 (D.D.C. 1975), "[e]ventually the 'John Doe' defendants **must be dismissed from the action**." Id. at 56 (emphasis added). Dismissal may at times need to await completion of discovery. Id. However, once discovery has been completed, if the plaintiff fails to properly substitute defendants, his claims "against the Unknown Officers cannot stand." Garabis v. Unknown Officers of the Metropolitan Police, -- F. Supp.2d --; 2013 WL 4026836, at *11 (D.D.C. Aug.8, 2013). See also Petty v. County of Franklin, Ohio, 748 F.3d 341 (6th Cir. 2007).

Here, the Third Amended Complaint was filed on September 19, 2012 – more than a year ago. The 120-day period of time to effect service under Fed. R. Civ. P. 4(m) has long since passed. Plaintiff was accorded an opportunity to engage in discovery, which he did, and the discovery period ended July 11, 2013. Since that date plaintiff has failed to substitute the "Unnamed" defendants with named defendants, and serve them under Rule 4(m).

Accordingly, as in Garabis, the claims "against Unknown Officers cannot stand[,]" 2013 WL 4026836, at *11, and this case should be dismissed.

II. Plaintiff's Claims Should be Dismissed Under Rule 41(b)

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Id. A dismissal under this rule, unless the Court rules otherwise, "operates as an adjudication on the merits." Id. See also Angelino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012) ("[t]he law is [also] clear that '[d]istrict courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to . . . comply with a court order."), *quoting* Peterson v. Archstone Cmties. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011).

The Court of Appeals for this Circuit has held that a dismissal under Rule 41(b) is appropriate for failure to obey court rules or court orders, "'or if there are other factors aggravating the inaction.'" Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988), *quoting*, 9 C. Wright & Miller, Federal Practice and Procedure, § 2370, at 205-07 (1971). Here, both factors exist.

It is undisputed that plaintiff has failed to comply with orders of this Court. By Order dated July 23, 2012, this Court:

> (1) ORDERED that by no later than August 24, 2012, in order to pursue any claims alleged in the amended complaint, each named plaintiff in this case is required to (A) physically go to the D-1 Station of the United States Park Police, at 960 Ohio Drive, N.W., Washington, D.C., to visually examine the storage containers located at that

     > address that contain items seized from McPherson Square and Freedom Plaza on February 4-5, 2012, to determine if Plaintiffs' belongings at issue in this case can be retrieved from any of those containers, and to (B) physically go to the National Mall and Memorial Park's National Mall open-air "Boneyard", located at 1100 Ohio Drive, N.W., Washington, D.C., to visually examine the tarps, wooden pallets and the like that were also seized from McPherson Square and Freedom Plaza on February 4-5, 2012, to determine if Plaintiffs' belongings at issue in this case can be retrieved from this location as well.

Docket No. 31. As the accompanying Declaration of Mark White demonstrates, plaintiff did not fully comply with this Court's order when he came to visually examining items at the Park Service's "Boneyard." Plaintiff and his companion "did not walk around to view the piled property from the other sides (east, north and south), which would have allowed them to see if their property was there, even though they were free to walk around the piled property." White Declaration, ¶ 5. Thus, contrary to this Court's July 23, 2012 Order, plaintiff failed to visually examine all items readily available to see at the "Boneyard" to determine if his belongings were in fact there.

Plaintiff's failure to comply with this Court's Orders continued. By Minute Order dated July 15, 2013, following the close of discovery on July 11, 2013, this Court ordered plaintiff to file a motion for leave to amend the Complaint, if he desired to proceed against named defendants. The Order was consistent with Fed. R. Civ. P. 15(a)(2). See, e.g., Heller v. District of Columbia, 290 F.R.D.

1, 3 (D.D.C. 2013) (JEB) ("A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. Fed.R.Civ.P. 15(a)(1). Otherwise, the plaintiff must seek consent from the defendant or leave from the court. *See* Fed.R.Civ.P. 15(a)(2)."); Robinson v. District of Columbia, 283 F.R.D. 4, 6 (D.D.C. 2012) (JEB) ("Because Plaintiff seeks to amend her Complaint outside the 21–day windows wherein she may do so as a matter of right, she must obtain either consent from the opposing parties or leave of court.").

Plaintiff, however, failed to comply with the Court's order or Rule 15(a)(2). See Docket No. 55, granting defendants' motion to strike the Third Amended Complaint. This Court then issued an order on October 4, 2013, scheduling a status hearing for October 18, 2013. See Minute Order dated Oct. 4, 2013. Plaintiff failed to comply with that Order and attend the status hearing. See Minute Entry dated Oct. 18, 2013.

Not only has plaintiff shown a pattern of failing to abide by this Court's orders, but now the failure has resulted in significant prejudice to defendants. As the White Declaration explains:

> [O]n April 29, 2013, Mr. Bloem submitted six photographs that were taken during the camping enforcement action at McPherson Square on February 4, 2012, and asked the Department of the Interior to identify its employees, some of whom were depicted picking up property Mr. Bloem alleged was his. After looking at the photographs and conferring with my colleague Matthew Newman, we concluded that Mr.

> Newman was in the first photograph picking up Mr. Bloem's property as well as in the second and third photograph. In a meeting on May 20, 2013, Mr. Newman informed me that he recalled placing the property at issue onto a Park Service flatbed truck, which was transported to the Park Service's Boneyard for storage. Mr. Newman said that a Park Police officer told him to place the property onto the flatbed truck but that the officer offered no explanation for it. At that time, Mr. Newman could not identify the Park Police officer who gave him the direction.

Id. at ¶¶ 7-8.

Mr. Newman, however, died on September 27, 2013. White Decl., ¶ 9. Therefore, a key witness with first-hand knowledge of the events at issue is no longer available to explain to this Court what happened to plaintiff's property. The prejudice to defendants is obvious and "'so severe[ ] as to make it unfair to require [defendants] [] to proceed with the case.'" Gardner v. U.S., 211 F.3d 1305, 1309 (D.C. Cir. 2000), *quoting* Shea v. Donohoe Constr. Co., 795 F.2d 1071, 1074 (D.C. Cir. 1986). See also Cherry v. Brown-Frazier-Whitney, 548 F.2d 965, 967 (D.C. Cir. 1976) (prejudice can result from the unavailability of witnesses).

Such prejudice would not now exist if plaintiff had complied with this Court's Orders. With such compliance plaintiff either would have found his property back in 2012 when he went to the "Boneyard" had he made a thorough examination of the property there as ordered by this Court, or Mr. Newman would have been brought into the case when he was still alive to offer testimony critical to a

just outcome of the litigation. Given that none of this is now possible, the prejudice to defendants from continuing this litigation is so severe as to make it unjust for the litigation to proceed and, therefore, defendants' motion to dismiss should be granted.

## CONCLUSION[3]

For the foregoing reasons, defendants respectfully request that this Court grant their motion and dismiss this case against them.

Respectfully Submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

[3] Plaintiff pro se should take notice that any factual assertions contained in the affidavit and other attachments in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); accord Local Rule 7(m). Additionally, if plaintiff does not respond to this motion the Court may treat it as conceded. See F.D.I.C. v. Bender, 127 F.3d 58, 68 (D.C. Cir. 1997).

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561 phone
(202) 252-2599 fax
Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BLOEM,

Plaintiff,

v.

UNKNOWN DEPARTMENT OF THE INTERIOR EMPLOYEES,

Defendants.

Civil No. 11-2155 (JEB)

ORDER

Upon consideration of defendants' motion to dismiss, plaintiff's responding opposition, and the entire record in this case, it is hereby

ORDERED that defendants' motion is granted; and it is further

ORDERED that this case is dismissed.

UNITED STATES DISTRICT JUDGE